Dear Representative Jackson:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Credit Union Cooperative Branching, Inc. (CUCB). You indicate that CUCB is a corporate entity providing services for federal and state chartered credit unions in Louisiana, but it conducts no financial institution business, inasmuch as CUCB receives no deposits and pays no interest thereon, nor does the entity make loans or distribute profits to depositors, as would typically define banks.
Under these related circumstances, you ask whether CUCB may adopt the Limited Liability Company (LLC) legal structure as its business form.
Similar to the observations made by this office in Atty. Gen. Op. 00-434 in regard to the Louisiana Credit Union League, it appears that Credit Union Cooperative Branching, Inc. is likewise not a bank, but a credit union service organization which receives no deposits nor makes loans or distributes profits to depositors. In the referenced opinion, this office concluded inasmuch as the Louisiana Credit Union League was not formed for the purpose of banking, which is prohibited under R.S.12:1302 for a limited liability company, it could organize itself as a limited liability company pursuant to the provisions of R.S. 12:1301, et seq.
However, we note in regard to the Louisiana Credit Union League that it was an unincorporated entity, whereas the Credit Union Cooperative Branching is a corporate entity. In this regard, we find that a "Limited liability company" is defined in R.S. 12:1301 (A) (10) as follows:
 "Limited liability company" or "domestic limited liability company" means an entity that is an unincorporated association having one or more members that is organized and existing under this Chapter. No limited liability company organized under this Chapter shall be deemed, described as, or referred to as an incorporated entity, corporation, body corporate, body politic, joint stock company, or joint stock association. (Emphasis added.)
Therefore, we must conclude the CUCB corporation would have to be dissolved in order for CUCB to become a Limited Liability Company, which in accordance with R.S. 12:1304 is formed by one or more persons capable of contracting by filing articles of organization and initial report with the secretary of state. Upon the Secretary of State finding the articles of organization and initial report are in compliance with the law, and fees are paid, he shall record the articles and report in his office, and issue a certificate of organization. The certificate of organization is conclusive evidence of the fact that the limited liability company has been duly organized, and the articles of organization shall include the purpose for which the limited liability company is formed.
While a limited liability company cannot "be formed for the purposes of banking", R.S. 12:1302 (A), it does not appear from your description that CUCB would be formed as a limited liability company for banking, but only as a service organization for credit unions.
Upon dissolution as a corporation, CUCB could adopt such structure for its operation by following the provisions for formation of a limited liability company, as set forth by the pertinent statutes.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr